IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

v.

TITUS BATES,

Defendant.

CRIMINAL CASE NO.

1:13-CR-0501-WBH-JFK

## REPORT AND RECOMMENDATION

On November 4, 2014, Defendant's counsel filed an unopposed motion seeking a psychiatric examination of Defendant. [Doc. 41]. On December 17, 2014, the court granted that request. [Doc. 45]. From January 6, 2015, through February 24, 2015, at the Federal Correctional Complex, Butner, North Carolina, Defendant met with various personnel, including Rebecca Barnette, Psy. D., for a psychiatric examination. The report of examination was received by the court on March 6, 2015. After the report was reviewed by the Government and Defendant, neither party objected to the report or requested a competency hearing. Based on the report presented to the court and absent objection from either party, the court recommends that Defendant be found competent to stand trial.

## I.      Competency Report

During the aforementioned evaluation, Dr. Barnette reviewed a number of documents, including the criminal complaint and indictment, as well as the discovery materials, outlining the alleged illegal conduct in this case, prior neurological examinations and reports, and medication records.   A number of psychological assessments were conducted.   After explaining to Defendant the purpose of the interview, Dr. Barnette conducted a thorough examination of Defendant during several sessions.   As a part of the interview and examination, she asked Defendant questions about the nature of the criminal proceedings he was facing and his awareness of the consequences of those proceedings.   Dr. Barnette also asked Defendant questions about his lawyer and his ability to work with him for his defense.

Based on Defendant's responses to those questions, Dr. Barnette concluded:

[T]he defendant demonstrated an understanding of his current charges . . . and understands that these charges are felonies.   His has an appreciation of the possible penalties associated with the alleged offenses and acknowledged that he could be sentenced to federal incarceration if convicted.   Mr. Bates is also aware of the pleas an individual can enter in court and what those pleas mean.

The defendant correctly described the . . . court room participants' roles . . . .   Mr. Bates also demonstrated an understanding of the nature of a plea agreement . . . .   The defendant communicated an understanding of

2

court procedures . . . .  In conclusion, it is opined that the defendant has an adequate factual understanding of the legal system.

With respect to rational understanding, the defendant's statements reflected a coherent, non-delusional understanding of his current legal situation.  He displayed no distorted thoughts or unusual beliefs about his charges . . . and evidenced an ability to communicate adequately with the examiner, correctional staff, and other inmates.  In conclusion, it is opined that the defendant is able to work with an attorney in a constructive manner[,] and he appears motivated to do so at this time.

(Competency Report at 10-11).[1]  Dr. Barnett concluded that, "In Conclusion, it is the undersigned's opinion that, although the defendant has been diagnosed with a personality disorder, an unspecified trauma disorder, and substance abuse disorders, these disorders do not adversely impact his ability to understand the nature and consequences of the proceedings against him and to assist properly in his defense; he is competent to proceed."  (Id. at 11).

## II.    Discussion

Title 18, United States Code, Section 4241(a), provides that the court shall order a hearing regarding a defendant's competency to stand trial "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to

---

[1]A copy of the report is being filed under separate order UNDER SEAL in conjunction with the filing of this Report and Recommendation.

(Rev.8/82)

understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). As provided for by § 4241(b), the court ordered a psychiatric evaluation. [Doc. 45]. Following the examination, on March 6, 2015, the court received the report of the forensic psychologist (Competency Report) pursuant to § 4247(c), which as required, included Defendant's history and present symptoms, a description of the tests that were employed and the results of those tests, the examiner's findings, and the examiner's opinion as to diagnosis and as to "whether [Defendant] is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."  18 U.S.C. § 4147(c).

Following the evaluation, the proceedings are governed by §§ 4241(c) and (d), which provide for a hearing to be conducted for the court to determine whether, "by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense . . . ." 18 U.S.C. §§ 4241(c), (d).  However, after review of Dr. Barnette's report by the Government and counsel for Defendant, neither party

4

requested a competency hearing, instead, submitting the issue based on the information contained in the report.

"The Due Process Clause of the Fifth Amendment prohibits the government from trying a defendant who is incompetent." United States v. Rahim, 431 F.3d 753, 759 (11th Cir. 2005). The test for determining competency to stand trial is "whether [Defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding - and whether he has a rational as well as factual understanding of the proceedings against him." Dusky v. United States, 80 S. Ct. 788, 789 (1960) (citations and internal quotation marks omitted). "Whether the defendant is competent is an ongoing inquiry; the defendant must be competent at all stages of trial." Rahim, 431 F.3d at 759. "'[A defendant] raising a substantive claim of incompetency is entitled to no presumption of incompetency and must demonstrate his or her incompetency by a preponderance of the evidence[.]'" United States v. Bradley, 644 F.3d 1213, 1268 (11th Cir. 2011) (citation omitted); accord Battle v. United States, 419 F.3d 1292, 1298 (11th Cir. 2005).

"'[N]ot every manifestation of mental illness demonstrates incompetence to stand trial; rather, the evidence must indicate a present inability to assist counsel or understand the charges.' . . . Similarly, neither low intelligence, mental deficiency, nor

bizarre, volatile, and irrational behavior can be equated with mental incompetence to stand trial." Medina v. Singletary, 59 F.3d 1095, 1107 (11th Cir. 1995) (citation omitted); see also Battle, 419 F.3d at 1299 (finding that Battle's "courtroom outbursts, odd behavior, and history of mental illness" did not "mandate a finding of incompetency").

In this case, the court received the report of a qualified expert in the field of forensic psychology finding that Defendant was competent to stand trial. (Competency Report at 10-11). There was no finding that Defendant is suffering from any mental disease or defect that would undermine his ability to understand the proceedings and assist his counsel in his defense. (Id. at 11). Neither party presented any information to the court establishing that the court should not rely on Dr. Barnette's opinion. For this reason, and because neither party requested a competency hearing, the court finds that a competency hearing is not required for the court to make a determination as to Defendant's competency to stand trial. See United States v. Johns, 390 Fed. Appx. 963, 969 (11th Cir. 2010) ("Due process requires that an adequate hearing be held on competency when the evidence raises a bona fide doubt as to defendant's competency to stand trial . . . .") (quoting Fallada v. Dugger, 819 F.2d 1564, 1568 (11th Cir. 1987)) (internal quotation marks omitted); United States v. Williams, 262 Fed. Appx. 165,

173 (11th Cir. 2008) ("A district court may rule on [the issue of defendant's competency] without [the] benefit of a full dress hearing as long as the court has no bona fide doubt as to the competence of the defendant.") (quoting United States v. Nichels, 324 F.3d 1250, 1252 (11th Cir. 2003)) (internal quotation marks omitted); Wright v. Secretary for the Dep't of Corrections, 278 F.3d 1245, 1259 (11th Cir. 2002) ("Only [a defendant] who presents clear and convincing evidence creating a real, substantial, and legitimate doubt as to his competence to stand trial is entitled to a hearing on his substantive competency claim.") (citation and internal quotation marks omitted).  After consideration of all of the evidence, the court credits the conclusions of Dr. Barnette and finds that there is no bona fide doubt that Defendant is competent to stand trial.

## III.    Conclusion

For the foregoing reasons and cited authority, the court **RECOMMENDS** that Defendant be found competent to stand trial.

There are no other pending matters before the Magistrate Judge, and the undersigned is aware of no problems relating to the scheduling of this case.

**IT IS THEREFORE ORDERED** and **ADJUDGED** that this action be and the same is hereby, declared Ready for Trial.

7

**SO RECOMMENDED AND ORDERED** this 13th day of March, 2015.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)