IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| v. | * | 1:13-CR-501-ELR-JFK |
| | * | |
| TITUS BATES, | * | |
| | * | |
| Defendant. | * | |
| | * | |

**ORDER**

This matter is before the Court for consideration of Magistrate Judge Janet F. King's Report and Recommendation ("R&R") [Doc. 152] that Defendant's motion to suppress [Doc. 92] and motions to dismiss [Docs. 90, 112 and 114] be denied. In the time period allotted for the parties to object to the R&R, Defendant, by and through counsel, filed objections. [Doc 156.] For the following reasons, the Court **ADOPTS** the R&R and **OVERRULES** Defendant's objections.

**I. Standard of Review**

The district court reviewing an R&R "shall make a *de novo* determination of those portions of the report or specified proposed finings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). If neither party objects, the district judge need only review the R&R for clear error and "may accept, reject, or

modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.  A party objecting to an R&R "must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted.).  If there are no specific objections made to factual findings made by the magistrate judge, there is no requirement that those findings be reviewed de novo. Garvey v. Vaughn, 993 F.2d 776, 779 n. 9 (11th Cir. 1993).  Absent objection, the district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]," 28 U.S.C. § 636(b)(1)(C), and may accept the recommendation if it is not clearly erroneous or contrary to the law. Fed. R. Crim. P. 59. In accordance with 28 U.S.C. § 636(b)(1)(C), and Rule 59 of the Federal Rules of Criminal Procedure, the Court has conducted a *de novo* review of those portions of the R&R to which Defendant objects and has reviewed the remainder of the R&R for plain error. See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

**II. Discussion**

Defendant's objections to the R&R are based primarily on his contentions that: (1) he did articulate a basis to support that an agent was at least reckless to include untrue information in a federal affidavit; (2) the federal and state search

warrants were not supported by sufficient probable cause; (3) the good faith exception to the exclusionary rule does not apply in this case; (4) the conduct alleged in Count Two of the Superseding Indictment does not qualify as a "crime of violence" under the "force clause" of 18 U.S.C. § 924(c); (5) the facts he presented establish prosecutorial vindictiveness, which prompted the Government to seek the Superseding Indictment after he withdrew his guilty plea; and finally, (6) at this juncture in the case, he is entitled to dismissal of one of the two 924(c) counts because they are multiplicitous.

### III. Conclusion

After conducting a *de novo* review of those portions of the R&R to which Defendant objects and reviewing the remainder of the R&R for plain error, this Court finds that the Magistrate Judge's factual and legal conclusions are correct. Accordingly the Court **OVERRULES** Defendant's Objections and **ADOPTS** the R&R as the Opinion and Order of this Court and **DENIES** Defendant's motion to suppress [Doc. 92] and motions to dismiss. [Docs. 90, 112 and 114.]

Defendant is **directed to announce** within twenty-one (21) days of this

Order, whether he intends to enter a plea or wishes to proceed to trial in this case.

**SO ORDERED**, this 24th day of July, 2017.

_Eleanor L. Ross_
Eleanor L. Ross
United States District Judge
Northern District of Georgia